## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER MAZZEO,**

      **Plaintiff,**                    **Case No.:**

**v.**

**HILLSBOROUGH AREA REGIONAL**
**TRANSIT AUTHORITY,**

      **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.     The Plaintiff, CHRIS MAZZEO, sues Defendant, Hillsborough Area Regional Transit Authority, alleging that Defendant failed to provide required notices of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2.     Plaintiff, CHRIS MAZZEO ("Plaintiff"), brings this action against Defendant, Hillsborough Area Regional Transit Authority ("Defendant"), for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

3.    Defendant, the plan sponsor of the Health Plan ("Plan"), has repeatedly violated ERISA by failing to provide Plaintiff with adequate notice, as prescribed by COBRA, of his right to continue his health coverage upon the occurrence of a "qualifying event" as defined by the statute.  As a result of these violations, which inhibit Plaintiff's ability to maintain health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

5.    Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District, and Defendant has business operations in this District.

## PARTIES

6.    Plaintiff is a Florida resident and former employee of Defendant who was a covered employee and participant in the Plan the day before the termination of his employment on August 31, 2016, which was a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

7.    Defendant is a Florida corporation with its headquarters in Tampa, and employed more than 20 employees who were members of the Plan in each year from 2011 to 2016. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

8.    The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

9.    Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

10.    COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

11.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

12.     Section 2590.606-4(b)(1), states:

Except as provided in paragraph (b)(2) or (3) of this section, upon receipt of a notice of qualifying event …, the administrator shall furnish to each qualified beneficiary, not later than 14 days after receipt of the notice of qualifying event, a notice meeting the requirements of paragraph (b)(4) of this section.

13.     Section 2590.606-4(b)(4), in turn, provides as follows:

(4)     The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(i)     The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

(ii)    Identification of the qualifying event;

(iii)   Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

(iv)    A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v)   An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi)   An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)   A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii)   An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix)   A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x)    In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi)    A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii)    A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii)    An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv)    A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

14.    To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. A copy of this Model Notice is attached hereto as Exhibit A. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

15.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

### *Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

16.     Defendant did not adhere to the Model Notice provided by the Secretary of Labor, and instead issued a notice that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Defendant authored and disseminated a notice that was not appropriately completed, deviating from the model form in violation of COBRA's requirements, which failed to provide Plaintiff notice of all required coverage information and hindered Plaintiff's ability to obtain continuation coverage, as explained further below. A copy of Defendant's notice is attached hereto as Exhibit B.

Among other things:

      a.    The Notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice of continuation coverage written in a manner calculated to be understood by the average plan participant. The notice provided to Plaintiff is confusing, ambiguous and would not be understood by the average plan participant.

      b.    The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits. Nowhere in the notice provided to Plaintiff is any party or entity clearly, consistently or unambiguously identified as the Plan Administrator.

c. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(iv) because it fails to provide all required explanatory information; There is no explanation that a legal guardian of the covered employee may elect continuation coverage on behalf of all other qualified beneficiaries.

d. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made.

e. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(viii) because it fails to provide an adequate explanation of the continuation coverage termination date.

f. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(x) because it fails to provide the plan's procedures for providing notices of disability and/or a second qualifying event as well as the consequences of failing to provide such notices.

g. The Notice also violates 29 C.F.R. § 2590.606-4(b)(4)(x) because it fails to inform Plaintiff that if a disabled qualified beneficiary is subsequently determined to no longer be disabled, notice must be given to the plan administrator.

h. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xi) because it fails to provide a clear description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage.

i. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which future payments, separate from the initial premium, should be sent.

j. The Notice violates 29 C.F.R. § 2590.606-4(b)(4)(xiii) because it fails to provide an explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries

**Plaintiff Christopher Mazzeo**

17. Plaintiff was employed by Defendant as a Paratransit Driver from March 2010 until August 2016.

8

18.     Plaintiff experienced a qualifying event (termination of employment) on August 31, 2016.  Importantly, for purposes of COBRA, Plaintiff was not terminated for gross misconduct.

19.     Following this qualifying event, Defendant mailed Plaintiff the notice attached hereto as Exhibit B on October 5, 2016.

20.     The COBRA notice that Plaintiff received was deficient for the reasons set forth in Paragraph 16 above (among other reasons).

## CLAIM I FOR RELIEF

*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

21.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

22.     Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

23.     Plaintiff experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that he had experienced such a qualifying event.

24.     On account of such qualifying event, Defendant sent Plaintiff a COBRA notice in the form attached hereto as Exhibit B.

25.     The COBRA notice that Defendant sent to Plaintiff violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth in Paragraph 16 above (among other reasons).

26.     These violations were material and willful.

27.    Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a.    Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

b.    Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

c.    Awarding statutory penalties to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per participant or beneficiary per day from the date of such failure;

d.    Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

e.    Granting such other and further relief, in law or equity, as this Court deems appropriate.

## JURY TRIAL

29.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this ⟨⟩ of January, 2017.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
Direct No.: 813-321-4086
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**