UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHRISTOPHER MAZZEO, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                        Civil Action No.  8:17-cv-00100-MSS-AAS

MG CB SRC, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS
ACTION COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

    Defendant, MG CB SRC, INC. ("Defendant"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Plaintiff's First Amended Class Action Complaint and as grounds therefor states:

**FACTUAL BACKGROUND**

    Plaintiff's operative pleading is his First Amended Class Action Complaint.  Defendant contends that this pleading should be dismissed for failure to allege the performance of a condition precedent: namely, submission of a pre-suit administrative appeal to Defendant or other entity or person.

    The gist of Plaintiff's pleading is that Defendant violated various statutory and regulatory mandates applicable to COBRA benefits that are typically available to employees insured under a group benefit plan after the end of their employment.  These provisions are a creature of the Employee Retirement Income Security Act ("ERISA").  Accordingly, the procedural requirements of that Act are relevant to, indeed dispositive of, this motion.

Specifically, Plaintiff's pleading alleged:

- That Plaintiff was formerly employed by Hillsborough Area Regional Transit ("HART") who was a participant in a health care plan sponsored by HART through August 31, 2015 when his employment ended (¶2, 5).

- That Defendant administered the aforementioned health care plan and that the plan was subject to ERISA (¶7).

- Generally, that COBRA as a subset of ERISA, imposes various notice requirements upon plan administrators for the benefit of plan participants and beneficiaries (¶9, 10).

- That Plaintiff's termination from employment constituted a "qualifying event" for purposes of COBRA (¶18).

- That following this qualifying event Defendant, as plan administrator, mailed Plaintiff a COBRA notice on October 5, 2015 (¶19).

- That the COBRA notice mailed by Defendant to Plaintiff was deficient in various respects under 29 C.F.R. § 2590.606-4(b)(4). Paraphrasing the pleading, Plaintiff alleged that the notice was "incomplete, ambiguous and not understandable by the average plan participant", that it "failed to provide notice of plan procedures for revoking a waiver of the right to continue coverage", that it "failed to provide the address to which periodic premium payments should be sent" and that it "failed to explain the

importance of keeping the administrator informed of the participant or beneficiary's current address" (¶16).[1]

- That Plaintiff suffered an "informational injury" as a result of these alleged violations (¶34).

- That Plaintiff suffered the loss of insurance coverage due to Defendant's allegedly deficient COBRA notice (¶36).

Plaintiff additionally asserted that the alleged COBRA notice violations gave rise to a class action on behalf of all participants and beneficiaries in Defendant's health plan who were sent a COBRA notice by Defendant during the applicable statute of limitations (¶37).[2] In ¶¶39-42 Plaintiff attempted to allege sufficient facts as to the numerosity, typicality, adequacy and commonality elements of the class action requirements of Rule 23, Federal Rule of Civil Procedure.

Unmistakably, Plaintiff's claim was one for statutory penalties to remedy alleged statutory and regulatory violations. His claim for relief sets that forth in ¶46-52 and in the prayer for relief.

This motion to dismiss timely follows the Court's order allowing an extension to file a response to the First Amended Class Action Complaint on or before September 11, 2017.

---

[1] Defendant disputes these facts and contends that the notice attached to the amended complaint negates the allegations thereof, rendering it a nullity. If the relief sought herein is denied Defendant reserves the right to later raise this point on a motion for judgment on the pleadings or for summary judgment.

[2] Defendant also denies that this is a proper class, as it would include within the class all persons who received the allegedly defective notice but nonetheless properly elected coverage under COBRA or consciously decided to forego coverage, either because they elected to be covered under a family member's plan for which they were eligible or because they could no longer afford it. This point is better addressed when and if Plaintiff moves for class certification.

## MOTION TO DISMISS – LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a pleading before answering if the pleading fails to state a cause of action. Rule 8(a)(2) sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. Under that Rule, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As this Court is undoubtedly aware, the Supreme Court tightened these so-called "notice pleading" requirements to lay out more than "an unadorned, the defendant unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). As will be shown below, Plaintiff's pleading is deficient because it fails to allege (and indeed cannot allege) that Plaintiff exhausted his pre-suit administrative appeal obligation, an obligation mandated by Eleventh Circuit precedent.

## ARGUMENT

The Eleventh Circuit requires that a plaintiff exhaust his administrative remedies before bringing an ERISA claim in federal court. Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985), Count v. American General Life and Accident Insurance Co., 111 F.3d 105, 108 (11th Cir. 1997), Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990). In addition to "garden variety" claims for benefits the Eleventh Circuit also applies this exhaustion requirement to claims for statutory violations of ERISA. Bickley v. Caremark Rx, Inc., 461 F.3d 1325, 1328 (11th Cir. 2006).

It is undisputed upon close examination of Plaintiff's pleading that he failed to allege satisfaction of the condition precedent required in Bickley: submission of a pre-suit appeal to

Defendant or other entity or person. Defendant's investigation to date shows that no submission was ever made; thus, Plaintiff cannot allege this necessary condition. The only allegation that comes within the ballpark of addressing the exhaustion requirement is found at ¶38 where Plaintiff alleges that "no administrative remedies exist as a prerequisite to Plaintiff's claim on behalf of the putative class." Unless and until Plaintiff can demonstrate that he has exhausted his administrative remedies on an individual level, the allegation regarding the existence vel non of an exhaustion requirement on behalf of others is irrelevant.[3]

Turning to the particulars of an individualized appeal, Defendant anticipates that Plaintiff will argue that there was no established procedure for submitting a pre-suit appeal and that it was therefore somehow excused from the submission requirement. This rings hollow for two reasons.

First and foremost, Bickley required that Plaintiff submit at least something to Defendant to give it an opportunity to consider the alleged violations. It has been observed in the context of the ERISA pre-suit administrative exhaustion requirement that:

> "Compelling considerations exist for plaintiffs to exhaust administrative remedies prior to instituting a lawsuit. Administrative claim-resolution procedures reduce the number of frivolous lawsuits under ERISA, minimize the cost of dispute resolution, enhance the plan's trustees' ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decisionmaking process, and allow prior fully considered actions by … plan trustees to assist courts if the dispute is eventually litigated" Mason at 1227.

---

[3] This begs the entirely separate question of whether these facts could ever be amenable to class certification given the Bickley exhaustion requirement which would necessarily be individualized. That is an issue for another day.

The timely submission of correspondence to Defendant would have allowed it to engage in a dialogue with Plaintiff or his counsel to address whether any COBRA notice violations really took place and, if so, to appropriately address such violations.  Here, it appears that Plaintiff sat on these alleged violations for nearly two (2) years, suggesting that Plaintiff sat on any potential rights to "run up the score" on penalties (and then try to multiply them exponentially via a class action).  This flies in the face of the policy considerations enunciated in Mason. [4]

Second, the lack of any "official" appeal guidelines governing ERISA statutory violations is no more of a problem than a remand to a benefit plan which routinely occurs in ERISA benefit claim cases when courts return a claim to an administrator to conduct additional fact finding.  No formal rules or deadlines for plan remands exist yet it is assumed that the parties will thereafter communicate in good faith and that the plan administrator will ultimately make a decision that can be judicially reviewed.  Defendant will discharge those duties in good faith if so required.

### RELIEF REQUESTED

Unless Plaintiff can somehow show that he submitted correspondence tantamount to a pre-suit appeal or otherwise was excused from submitting such an appeal his First Amended Class Action Complaint should be dismissed.  Whether that dismissal should be with or without prejudice is within the sound discretion of this Court.  Militating in favor of a dismissal with prejudice is the nearly two (2) year delay in bringing this action during which a pre-suit appeal could have been pursued through completion.

---

[4] While statutory or regulatory deadlines for submission of a pre-suit appeal in the statutory violation context may not exist, the fact remains that ERISA is a creature of equity and sitting on these alleged violations for nearly two years would surely give rise to a laches defense.

Defendant does not know whether Plaintiff will claim in response to this motion that it was excused from this administrative remedy exhaustion requirement.  If he makes such argument, Defendant respectfully requests that it be given the opportunity to reply.

WHEREFORE, Defendant moves this Honorable Court to dismiss Plaintiff's First Amended Class Action Complaint.

/s/ *Marcus A. Castillo*
MARCUS A. CASTILLO, ESQ
Haas & Castillo, P.A.
19321-C U.S. 19 North, Ste. 401
Clearwater, Florida 33764
marcus@haas-castillo.com
service@haas-castillo.com
Telephone: (727) 535-4544
Facsimile: (727) 535-1855
Florida Bar No.: 374733
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participant: Christopher J. Saba, Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, FL 33602 (**csaba@wfclaw.com**; **tsoriano@wfclaw.com**).

/s/ *Marcus A. Castillo*
MARCUS A. CASTILLO, ESQUIRE